[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11997
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20660-CMA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL DIAZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 2, 2015)

Before MARTIN, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Daniel Diaz appeals his 115-month sentence of imprisonment, imposed after pleading guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography of prepubescent minors, in violation of 18 U.S.C. § 2252(a)(4)(B).  On appeal Diaz argues the district court erred in (1) imposing a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distribution of child pornography, and (2) declining to grant a two-level reduction under U.S.S.G. § 2G2.2(b)(1) for an offense involving mere receipt or solicitation of child pornography.  As the parties are familiar with the facts of the case, we weave them into the discussion only as necessary.  Upon review, we affirm.[1]

The district court did not err by enhancing Diaz's sentence under § 2G2.2(b)(3)(F) for distribution of child pornography.  Diaz's argument that he did not knowingly make child pornography accessible to others lacks merit.  *See United States v. Creel*, 783 F.3d 1357, 1358 (11th Cir. 2015) (holding "distribution of child pornography does not require an offender to know that he made child pornography accessible to others" (citation omitted)).  Diaz admitted to (1) posting an image of child pornography on his Twitter account; (2) having child pornography in his shared folder on the e-Donkey peer-to-peer file-sharing

---

[1] We review the district court's application and legal interpretations of the Guidelines de novo, and the district court's factual determinations for clear error. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).

program; and (3) trading images through the Kik Messenger application.  Even if knowledge were an element of distribution, these facts establish Diaz knowingly distributed child pornography.[2]  *See id.* at 1361.

The district court did not err when it declined to apply a reduction under § 2G2.2(b)(1) for mere receipt and solicitation of child pornography.  The undisputed facts show Diaz did more than simply receive or solicit child pornography.  Diaz entered chat rooms to trade images, used file-sharing networks to make his files accessible to others, and amassed an enormous number of images and videos which he meticulously categorized for easy access, including one folder titled "Need more of."  *See United States v. Cubero*, 754 F.3d 888, 895 (11th Cir. 2014) (holding use of peer-to-peer file-sharing network to receive and make child pornography available to others precluded a reduction under § 2G2.2(b)(1)).

In light of the foregoing reasons, we affirm.

**AFFIRMED.**

---

[2]  To the extent Diaz argues in his reply brief that the Government failed to prove Diaz's Twitter account was set for public access, this argument fails.  We do not consider arguments for the first time in a reply brief.  *See United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006).